UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF RHODE ISLAND,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOARD OF GOVERNORS FOR HIGHER EDUCATION, THE UNIVERSITY OF RHODE ISLAND, TOWN OF NARRAGANSETT, and TOWN OF SOUTH KINGSTOWN,<br><br>Defendants. | CA 08 306ML<br><br>Civil Action No. ____________ |

**COMPLAINT**

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), and the State of Rhode Island (the "State"), file this complaint and allege as follows:

**NATURE OF ACTION**

1. This is a civil action for injunctive relief and recovery of costs brought pursuant to Sections 106(a) and 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606(a), 9607(a), and Rhode Island General Laws Chapter 23-19.14. The United States seeks injunctive relief to remedy an imminent and substantial endangerment to human health and the environment arising out of the release or

threatened release of hazardous substances into the environment at the West Kingston Town Dump/URI Disposal Area Superfund Site ("Site"). The United States and the State also seek to recover the unreimbursed response costs they have incurred in connection with the Site and a declaratory judgment that the Defendants are liable to the United States and the State for all future response costs incurred by the United States and the State relating to the Site.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of the CERCLA causes of action pursuant to Sections 106, 107 and 113(b) of CERCLA, 42 U.S.C. §§ 9606, 9607, 9613(b), and 28 U.S.C. §§ 1331, 1345. This Court has supplemental jurisdiction over the subject matter of the state-law causes of action pursuant to 42 U.S.C. § 1367(a) because these claims are related to the federal claims and form part of the same case or controversy under Article III of the Constitution.

3. Venue is proper in this judicial district pursuant to Sections 106(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9606(a), 9613(b), and 28 U.S.C. § 1391(b)-(c), because the claims arose, and the threatened or actual releases of hazardous substances occurred, in this district.

## DEFENDANTS

4. Defendant Rhode Island Board of Governors for Higher Education ("Board of Governors") is a registered non-profit Rhode Island corporation with its principal place of business in Providence, Rhode Island.

5. Defendant University of Rhode Island ("URI") is a state institution of higher education with its principal place of business in Kingston, Rhode Island.

6. Defendant Town of Narragansett is a municipality located in Rhode Island which has an office at 25 Fifth Avenue, Narragansett, RI 02882.

7. Defendant Town of South Kingstown is a municipality located in Rhode Island which has an office at 180 High Street, Wakefield, RI 02879.

## GENERAL ALLEGATIONS

8. The Site is a former disposal facility, encompassing approximately 55 acres, located primarily on the eastern side of Plains Road in South Kingstown, Washington County, Rhode Island.

9. The Site contains three main disposal areas, the West Kingston Town Dump (also known as the South Kingstown Landfill #2) ("Town Dump"), the URI Disposal Area, and the Former Drum Storage Area.

10. Located on the southern part of the Site, the Town Dump is the site of a former municipal landfill. Beginning in the early 1950's, the Town of Narragansett, the Town of South Kingstown, and URI disposed of solid waste in this landfill. Disposal did not cease until 1987. Subsurface soil samples taken from the perimeter of the landfill area indicated the presence of dioxins. A pond called Tibbits Pond is located upgradient from the Town Dump.

11. The Town of South Kingstown and the Town of Narragansett are former operators of the Town Dump. The Town Dump is currently owned by the Town of South Kingstown.

12. Located north of the West Kingston Town Dump, the URI Disposal Area received waste from approximately 1945 to 1987. A small pond, called URI Pond, is located in this area, just south of the main disposal areas.

13. URI was the operator of the URI Disposal Area at the time of disposal. URI is the current operator of the URI Disposal Area. The Board of Governors is the current owner of the URI Disposal Area.

14. The Former Drum Storage Area is located uphill and east of the Town Dump and the URI Disposal Area. Fourteen drums were discovered in this area, which has been and continues to be the primary source of a groundwater plume of tetrachloroethene ("PCE") and trichloroethene ("TCE") that extends approximately 2,500 feet from the Former Drum Storage Area west to Hundred Acre Pond.

15. URI was the operator of the Former Drum Storage Area at the time of disposal. URI is the current operator of the Former Drum Storage Area. The Board of Governors is the current owner of the Former Drum Storage Area.

16. Pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, EPA placed the Site on the National Priorities List ("NPL") by publication in the Federal Register on October 14, 1992. 57 Fed. Reg. 47180-87. The NPL, tabulated at 40 C.F.R. Part 300, Appendix B, was promulgated pursuant to Section 105(a)(8)(B) of CERCLA, 42 U.S.C. § 9605(a)(8)(B).

17. In June 2000, EPA issued general notice letters to four Potentially Responsible Parties ("PRPs"), identifying them as potentially responsible for investigating and cleaning up the Site.

18. In August 2001, EPA and the Rhode Island Department of Environmental Management ("RIDEM") entered into an Enforcement Agreement to implement a presumptive remedy (landfill caps) at the Town Dump and URI Disposal Area and to implement a Remedial Investigation/Feasibility Study ("RI/FS") for the Site.

19. In October 2001, RIDEM issued a Letter of Responsibility to the four PRPs who had previously received EPA's general notice letters. The PRPs agreed to undertake the landfill closures and perform the RI/FS. The landfill closures were implemented in 2005-2006.

20. In response to the Letter of Responsibility, between 2002 and 2006, URI, the Town of South Kingston and the Town of Narragansett conducted the RI/FS pursuant to 40 C.F.R. § 300.430.

21. Data collected for the RI/FS shows that the groundwater contamination was attributable to PCE and TCE at the Former Drum Storage Area rather than to the landfills subjected to the presumptive remedy.

22. In September 2006, EPA issued a Record of Decision ("ROD") which selected a remedy for the Site. The major components of the selected remedy include excavation and chemical oxidation for source area soil, in situ chemical oxidation for source area groundwater, the imposition of institutional controls by environmental easement and/or restrictive covenant, periodic monitoring of groundwater to assess the effectiveness of the soil and groundwater remedy components and the effectiveness of monitored natural attenuation parameters, periodic monitoring of surface water, and the reevaluation of the Site in the future to determine if any modification of the selected remedy is necessary. The institutional controls are intended to restrict the use of groundwater unless and until groundwater quality standards are met. The

protectiveness of this remedy assumes proper maintenance of the landfill caps. The State has concurred with the selected remedy.

23. Contaminated soils at the Site are a potential source of contamination of groundwater at or near the Site. The potential migration of any such contaminated groundwater to aquifers or other waters that are sources of drinking water could present a human health risk in the form of ingestion of contaminated drinking water, dermal contact with groundwater, and inhalation of volatiles while showering.

24. "Hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14) and R.I.G.L. § 23-19.14-3(d), have been detected at the Site. These substances include without limitation PCE, TCE, and dioxins.

25. Each Defendant is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21) and R.I.G.L. § 23-19.14-3(h).

26. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

27. There have been and continue to be "releases" or "threatened releases" of "hazardous substances" within the meaning of Sections 101(14) and (22), and 107(a) of CERCLA, 42 U.S.C. §§ 9601(14) and (22), and 9607(a) and R.I.G.L. § 23-19.14-3(j), into the environment at the Site.

## FIRST CLAIM FOR RELIEF

28. Paragraphs 1-27, inclusive, are realleged and incorporated herein by reference.

29. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section--
>
> (1) the owner and operator of a vessel or a facility,
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and
>
> (4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for--
>
> (A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan . . . .

30. Defendants the Board of Governors, URI and the Town of South Kingstown own and/or operate portions of the Site under Sections 101(20) and 107(a)(1) of CERCLA, 42 U.S.C. §§ 9601(20), 9607(a)(1).

31. Defendants URI, the Town of Narragansett and the Town of South Kingstown also owned and/or operated portions of the Site at the time of "disposal" of a hazardous substance there under Sections 101(20), 101(29) and 107(a)(2) of CERCLA, 42 U.S.C. §§ 9601(20), 9601(29), 9607(a)(2).

32. The release or threatened release of a hazardous substance at the Site has caused the United States and the State to incur "response" costs, within the meaning of

Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), in connection with the Site. The United States and the State will continue to incur response costs in connection with the Site in the future.

33. The costs of the response actions taken and to be taken by the United States and the State in connection with the Site are not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

34. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendants are liable, jointly and severally, to the United States and the State for the response costs incurred and to be incurred by the United States and the State in connection with the Site.

35. The United States and the State are entitled to a declaratory judgment pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that Defendants are liable, jointly and severally, to the United States and the State under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all future response costs incurred by the United States and the State in connection with the Site.

SECOND CLAIM FOR RELIEF (UNITED STATES ONLY)

36. Paragraphs 1-35, inclusive, are realleged and incorporated herein by reference.

Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), provides, in pertinent part, that

> In addition to any other action taken by a State or local government, when the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may require the Attorney General of the United States to secure such relief as may be necessary to abate such danger or threat, and the district court of the United States in the district in which the threat occurs shall have

jurisdiction to grant such relief as the public interest and the equities of the case may require.

37. There is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of the actual and/or threatened releases of hazardous substances at and from the Site.

38. Defendants are liable to perform the work required to implement the remedial action selected by EPA in the ROD, in order to abate the conditions at the Site that present or may present an imminent and substantial endangerment to the public health or welfare or the environment.

THIRD CLAIM FOR RELIEF (STATE ONLY)

39. Paragraphs 1-27, inclusive, are realleged and incorporated herein by reference.

40. Section 23-19.14-6 of the Rhode Island General Laws provides:

> (a) Notwithstanding any other provision or rule of law, and subject only to the defenses presented in § 23-19.14-7, the state . . . defines the following parties as responsible parties which are strictly, jointly and severally liable for the actual or threatened release of any hazardous material at a site:
>
> (1) The owner or operator of the site;
>
> (2) Any person who at the time of disposal of any hazardous material owned or operated the site;
>
> (3) Any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment of hazardous materials owned or possessed by that person, at any site owned or operated by another party or entity and containing hazardous materials; and
>
> (4) Any person who accepts or accepted any hazardous materials for transport to disposal or treatment facilities or sites selected by that person, from which there is a release or a threatened release of

a hazardous material which causes the incurrence of response costs.

(b) Responsible parties as defined in this section shall be liable for:

(1) All removal or remedial actions necessary to rectify the effects of a release of hazardous material so that it does not cause a substantial danger to present or future public health or welfare or the environment;

(2) All costs of removal or remedial action incurred by the state including direct costs, indirect costs and the costs of overseeing response actions conducted by private parties;

(3) Any other necessary costs of removal or remedial action incurred by any other person; and

(4) Damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing the injury, destruction, or loss resulting from a release of hazardous material.

41. Defendants the Board of Governors, URI and the Town of South Kingstown own and/or operate portions of the Site under R.I.G.L. §§ 23-19.14-3(f), 23-19.14-3(g) and 23-19.14-6(a).

42. Defendants URI, the Town of Narragansett and the Town of South Kingstown also owned and/or operated portions of the Site at the time of "disposal" of a hazardous substance there under R.I.G.L. §§ 23-19.14-3(f), 23-19.14-3(g) and 23-19.14-6(a).

43. The release or threatened release of a hazardous substance at the Site has caused the State to incur "response" costs, within the meaning of R.I.G.L. §§ 23-19.14-3(k), 23-19.14-3(l), and 23-19.14-6 in connection with the Site. The State will continue to incur response costs in connection with the Site in the future.

44. The release or threatened release of a hazardous substance at the site has cause the state to incur damages for injury to, destruction of, or loss of natural resources, within the meaning of R.I.G.L. § 23-19.14-6 in connection with the site.

45. Pursuant to R.I.G.L. § 23-19.14-6, Defendants are liable, jointly and severally, to the State for the response costs incurred and to be incurred by the State in connection with the Site.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs United States of America and the State respectfully request that this Court:

1. Order Defendants, jointly and severally, to reimburse the United States and the State for all response costs incurred and to be incurred by the United States and the State in connection with the Site, plus interest;

2. Order Defendants, jointly and severally, to perform the work required to implement the remedial action selected by EPA in the Record of Decision issued in September 2006, in order to abate the conditions at the Site that may present an imminent and substantial endangerment to the public health or welfare or the environment;

3. Award the United States and the State their costs of this action; and

4. Grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environmental Enforcement Section

KEITH T. TASHIMA
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
601 D Street, NW
Washington, DC 20004
(202) 616-9643

ROBERT CLARK CORRENTE
United States Attorney
District of Rhode Island

DULCE DONOVAN
Chief, Civil Division
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000

OF COUNSEL:

WESLEY KELMAN
U.S. Environmental Protection Agency – Region 1
1 Congress Street
Boston, MA 02114

SUSAN B. FORCIER
Legal Counsel
RI Department of Environmental Management
235 Promenade Street, Fourth Floor
Providence, RI 02908
(401) 222-6607